IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LADONNA M. CHEATWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-337-L |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Ms. Ladonna Cheatwood applied for insurance benefits and supplemental security income based on an alleged disability. *See* Administrative Record at pp. 116-18, 124-26 (certified June 9, 2010) ("Rec."). The Social Security Administration denied the applications,[1] prompting Ms. Cheatwood to initiate the present action based in part on legal error in the credibility assessment. The Court should reverse and remand for further proceedings.[2]

---

[1] Rec. at pp. 1-3, 10-17, 59-62.

[2] Ms. Cheatwood also alleges failure to discuss probative evidence and consider all of the impairments in combination. But the Court need not consider these arguments in light of the suggested reversal on the credibility assessment. *See infra* pp. 2-8; *see also Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

I.      STANDARD OF REVIEW

The Court must determine whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Reversal is necessary if the agency has failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

II.     THE CREDIBILITY ANALYSIS

As alleged by the Plaintiff, the administrative law judge's credibility analysis was deficient.

### A.    Ms. Cheatwood's Subjective Complaints

In her written submissions and at the hearing, Ms. Cheatwood alleged:

- constant back pain radiating through her left leg, which ranked as an 8 out of 10 on a pain scale,

- pain in her neck and left shoulder that traveled through the left arm, causing tingling and numbness in two fingers,

- arthritis in her spine, and

- a neck injury.

Rec. at pp. 35, 37-38, 40, 150.

As a result of the pain, Ms. Cheatwood stated that she:

- was only able to lift ten pounds,

- had problems performing housework,

- was unable to kneel or squat,

- could not turn her neck completely in either direction,

- was limited in her ability to bend, stand, reach, walk, sit, or climb stairs,

- could sit for only 30-60 minutes at a time, and

- could stand comfortably for only 1 hour at a time.

*Id.* at pp. 43-44, 54-55, 150, 162.

### B. Duty to Evaluate the Plaintiff's Credibility

Based on these allegations, the administrative law judge had to decide whether she believed the Plaintiff's characterization of the pain[3] and "give specific reasons for the weight given to [her] statements."[4] These reasons were to be "articulated in the determination or decision" and "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight" given "to the individual's statements and the reasons for that weight."[5]

---

[3] *See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987); Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, Westlaw op. at 1-2 (July 2, 1996).

[4] Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996).

[5] Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996).

C. The Administrative Law Judge's Analysis

The judge recited the standard for evaluation of credibility and acknowledged Ms. Cheatwood's complaints regarding her:

- constant pain and its effect on her ability to sleep,

- spinal arthritis resulting in constant pain and the exacerbation from standing and walking,

- limitations in her ability to perform housework, turn her neck, lift, squat, bend, stand, reach, walk, sit, kneel, or climb stairs, and

- inability to lift 10 pounds, sit for more than 30 minutes, or stand for more than about 1 hour.

*Id.* at p. 14.

Following this summary of the complaints, the administrative law judge concluded:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. The letter of James Parker essentially corroborates the testimony of the claimant and therefore claimant's statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

*Id.* (citation omitted).

D. The Administrative Law Judge's Failure to Adequately Explain Her Credibility Assessment

The credibility analysis was deficient because the administrative law judge failed to identify the complaints that she disbelieved and the reasons for her assessment.

4

The administrative law judge apparently believed some of the allegations, as she concluded that Ms. Cheatwood's medically determinable impairments could be expected to produce the alleged symptoms. *Id.* But the judge obviously rejected some of the complaints because she ultimately concluded that the Plaintiff was "not credible to the extent [the symptoms were] inconsistent with the above residual functional capacity assessment." *Id.* The judge did not disclose the extent of her disbelief or state the reasons for her skepticism. The omissions prove to be critical when one attempts to reconcile the administrative law judge's findings with the vocational testimony in three hypothetical scenarios.

At the hearing, the administrative law judge first asked the vocational expert to identify jobs that would be compatible with a residual functional capacity ("RFC") which involved:

- the exertional requirements of "light" work,[6]
- an inability to balance or crouch,
- an inability to climb ladders, ropes, or scaffolds,
- an occasional ability to kneel, crawl, or stoop, and
- an occasional ability to climb stairs or ramps.

---

[6] The social security regulations define "light" work as involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b) & 416.967(b) (2009). Additionally, "light" work may require "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

*Id.* at pp. 51-52. Based on these limitations, the expert stated that the available jobs included "cashier," "bench assembler," and "ticket taker." *Id.* at p. 52.

The judge then posed a second hypothetical question, which limited Ms. Cheatwood to "sedentary"[7] work. *Id.* at p. 53. The expert responded that the available jobs would include "touch-up screener," "addresser," and "polisher." *Id.*

Finally, the judge asked the vocational expert to assume that:

- the hypothetical individual could sit for 30 minutes and walk for 1 hour, but would then need to rest for 1 hour and

- the individual could then repeat this cycle of sitting and walking only one time before she would need to stop work.

*Id.* at p. 56. The vocational expert testified that this scenario would eliminate any competitive work. *Id.*

In her RFC assessment, the judge concluded that the Plaintiff could perform sedentary work, restricted in her inability to balance, crouch, kneel, crawl, stoop, or climb various items. *Id.* at p. 13. The judge also stated that Ms. Cheatwood would need to alternate between sitting and standing. *Id.* at p. 14. Based on this RFC assessment, the judge concluded that the Plaintiff could perform the jobs of "cashier," "bench assembler," and "ticket taker." *Id.* at p. 16. As noted above, the vocational expert testified that these jobs would be available for the claimant if her RFC was suited to "light" work rather than

---

[7] According to the social security regulations, "sedentary" work involves sitting, occasional walking and standing, and an ability to lift ten pounds or less. 20 C.F.R. §§ 404.1567(a) & 416.967(a) (2009).

6

"sedentary" work. *See supra* pp. 5-6. But the judge assessed an RFC for "sedentary" work rather than "light" work. *See supra* p. 6.

With the mismatch between the RFC findings and the vocational testimony, the judge's credibility assessment is impossible to understand.

An illustration of the difficulty lies in the evidence involving a lifting limitation. In her credibility assessment, the administrative law judge noted that the Plaintiff had said that she could "lift only 10 pounds." Rec. at p. 14, citing *id.* at p. 162. Under the pertinent regulations, this limitation would involve sedentary work. *See supra* note 7. Because the judge ultimately assessed an RFC for sedentary work,[8] she apparently believed this part of Ms. Cheatwood's testimony.[9] However, the judge ultimately relied on the availability of three jobs defined as "light" work,[10] which would have required an ability to lift up to 20 pounds at a time.[11] Perhaps the administrative law judge believed that Ms. Cheatwood could lift more than 10 pounds, contrary to what she had stated. *See supra* pp. 2-3. But again, the Court can only speculate about this possibility because the administrative law judge did not say how or why she had discounted the Plaintiff's testimony. *See* Rec. at p. 14.

---

[8]     *See supra* p. 6.

[9]     Rec. at p. 13.

[10]    *See supra* pp. 5-6; *see also* Rec. at p. 52 (vocational expert's testimony stating that the jobs of cashier, bench assembler, and ticket taker are considered "light").

[11]    *See* 20 C.F.R. §§ 404.1567(b) & 416.967(b) (2009) (defining "light work").

As a result of the failure to explain the credibility findings, the Court would have to speculate regarding:

- whether the administrative law judge had believed or disbelieved each of the Plaintiff's allegations and

- why the judge had rejected some of the Plaintiff's complaints.

The need for such speculation is fatal because it leaves the Court without any discernible way to review the administrative law judge's credibility assessment.[12] In these circumstances, the Court should reverse and remand for further proceedings.

III.   NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C.A. § 636(b)(1) (2010 supp.). The deadline for objections is February 17, 2011. *See* Fed. R. Civ. P. 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[13]

IV.   STATUS OF THE REFERRAL

The referral is discharged.

---

[12]   *See McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002) (holding that the administrative law judge had erred in failing to "explain and support with substantial evidence which of [the claimant's] testimony he did not believe and why"); *see also Pryce-Dawes v. Barnhart*, 166 Fed. Appx. 348, 349-50 (10th Cir. Feb. 2, 2006) (unpublished op.) (holding that the credibility analysis was deficient because the "[administrative law judge had] not specif[ied] [the] allegations he believed to be exaggerated" and the conflict that he found between the claimant's description and the medical evidence was "not obvious"); *accord Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) ("The [administrative law judge] must specify what testimony is not credible . . . .").

[13]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Entered this 31st day of January, 2011.

Robert E. Bacharach
United States Magistrate Judge